UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICARDO SOTOLONGO AGUIRRE,

      Plaintiff,

      v.                                      Case No. 05-C-948

KENOSHA COUNTY JAIL, KENOSHA
COUNTY CORRECTIONAL HEALTH
SERVICES, and CORPORAL KURT
MIQUTIS,[1]

      Defendants.

---

**ORDER ON PLAINTIFF'S MOTION FOR COURT APPOINTED COUNSEL AND TO POSTPONE UPCOMING PROCEEDINGS**

---

      The plaintiff, Ricardo Sotolongo Aguirre ("Aguirre"), commenced this civil action by filing a complaint alleging mistreatment while he was confined at the Kenosha County Jail. Aguirre also filed a motion to proceed in forma pauperis and that motion was granted. On January 30, 2006, Aguirre filed a motion requesting that counsel be appointed for him and that upcoming proceedings be postponed until such counsel is appointed.

      Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *See McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). This court is authorized to request, but not compel, *see Mallard v. United States Dist. Court*, 490 U.S. 296 (1989), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e). *Childs v.*

---

[1] Based on representations in the defendants' answer, the court has made two corrections to the caption. The complaint named "Kenosha County Correctional Jail" and "Corporal Mikutis" as defendants. The proper names are "Kenosha County Jail" and "Corporal Kurt Miqutis."

*Duckworth,* 705 F.2d 915, 922 (7th Cir. 1983). However, the court has no access to funds to compensate attorneys for such representation. The court, therefore, appoints counsel under 28 U.S.C. § 1915(e) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney,* 831 F.2d 1368, 1371 (7th Cir. 1987).

Before I consider requesting an attorney to accept appointment under 28 U.S.C. § 1915(e), I must first determine whether a plaintiff has made a reasonable but unsuccessful effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

A plaintiff must take the following steps to demonstrate that he has made a reasonable but unsuccessful effort to secure counsel. First, a plaintiff must contact at least three attorneys to request representation in the matter. Second, a plaintiff must file with this court and serve upon opposing counsel a motion for appointment of counsel as well as a statement indicating: (1) the names of all attorneys from whom the plaintiff has sought representation in the matter; (2) the dates of the plaintiff's communications with these attorneys; and, (3) whether any of the attorneys were willing to represent the plaintiff in this matter. The plaintiff should also obtain and file with the court letters from these attorneys to verify that the plaintiff has unsuccessfully attempted to obtain legal counsel.

If a plaintiff does satisfactorily demonstrate that he has made a reasonable effort to secure counsel, I will then consider additional factors in deciding whether to request counsel to represent him without payment. These factors include: (1) the merits of the plaintiff's claim for relief; (2) the plaintiff's ability to investigate crucial facts without counsel; (3) whether the evidence in the case

2

consists largely of conflicting testimony requiring the skill of trained counsel to ensure that the truth will come out; (4) the plaintiff's ability to present the case; and, (5) the complexity of the legal issues raised by the plaintiff's complaint. *Id*. (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)).

In short, the court will consider whether this plaintiff appears to be competent to try the action himself, given the difficulty of the action, and, if not, whether the presence of counsel is likely to make a difference in the outcome. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Aguirre has not represented that he attempted to find an attorney to represent him in this matter. In his motion to have counsel appointed, Aguirre claims to be suffering from various ailments, including psychiatric ailments. However, the fact that Aguirre was able to compose the motion itself and file it demonstrates that he in not incapable of seeking an attorney. Before this court will consider Aguirre's motion to appoint counsel, Aguirre must takes the steps outlined above to seek counsel on his own.

The court wants to make clear that even if three lawyers decline to represent Aguirre, that does not mean the court will appoint a lawyer. As stated above, the court does not have access to any funds with which to compensate lawyers in civil cases. Therefore, only if the criteria spelled out above are met will the court request that a lawyer accept an appointment. The court will only request that a lawyer accept an appointment if the plaintiff demonstrates that the presence of counsel is likely to make a difference in the outcome of the case.

Aguirre's motion to have counsel appointed for him will therefore be denied without prejudice. Furthermore, Aguirre's motion to postpone proceedings in this matter will also be denied. The scheduling conference previously set for 9:30 a.m. on Tuesday, February 21, 2006, in Courtroom

3

253, U.S. Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202 will proceed as scheduled.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion that the court appoint an attorney to represent him be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to postpone upcoming proceedings in this matter be and hereby is **DENIED**.

**SO ORDERED** this 2nd day of February 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge